IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>            Plaintiff,                       )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>ESTEBAN PALACIOS-BECERRIL, )<br>                                                      )<br>            Defendant.                    )<br>_____) | Case No. CR-03-52-E-BLW<br><br>**ORDER** |

      Pending before the Court is Defendant's Motion for Downward Departure Pursuant to U.S.S.G. 5K2 (Docket No. 18).

      Defendant pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and was sentenced before this Court on June 20, 2003 to a term of imprisonment of 60 months. Defendant did not appeal his sentence or conviction. During his incarceration, he has apparently completed the Bureau of Prisons' 500-hour drug treatment program and alleges that he has exhibited otherwise exemplary

**Order - 1**

behavior.  Defendant further alleges that he will not receive the same one-year credit that U.S. citizen inmates receive for completing the 500-hour treatment program.  He now moves the Court for a reduction of his sentence to time served based on his status as a deportable alien and extraordinary post-conviction rehabilitation.

     The Court will deny the Motion for the following reasons.  First, departures under U.S.S.G. 5K2.0 are applicable only at the time of sentencing or resentencing on remand from the Ninth Circuit.  Second, the Court has very limited jurisdiction to amend a sentence after imposition.  It may only do so pursuant to Fed. R. Crim. P. 35, pursuant to remand under 18 U.S.C. § 3742(g) following an appeal, or upon granting a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  Third, the time for filing a motion pursuant to 28 U.S.C. § 2255 has expired.

     Defendant is not entitled to a reduction or correction under Fed. R. Crim. P. 35(a) because more than seven days has elapsed since imposition of sentence or under Fed. R. Crim. P. 35(b) because the government has not made a motion for reduction of sentence based on substantial assistance.  He did not appeal his sentence, so there will be no remand under 18 U.S.C. § 3742(g).  Finally, even if Defendant had filed this motion as a § 2255 motion within the statute of

limitations, it is unlikely that he would have been entitled to relief. Post-conviction rehabilitation, even if exceptional, is not an appropriate basis for a downward departure. *See* U.S.S.G. § 5K2.19. Nor is deportable status of aliens convicted of § 1326 offenses. *See United States v. Martinez-Ramos*, 184 F.3d 1055, 1058-59 (9th Cir. 1999). Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Downward Departure Pursuant to U.S.S.G. § 5K2 (Docket No. 18) is DENIED.

DATED: **March 24, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court